*Ruth Buck, Ex'r and others* v. *Abner Buck.* W. NORTH, for apppellant; J. DUNN, for respondents. The chancellor decided that the only effect of the recent amendment of the 116th rule requiring the sureties in an appeal bond to justify, is to prevent the appeal from operating as a stay of proceedings for more than thirty days unless the sureties within that time shall justify upon due notice to the respondent. And that if the appellant does not wish the appeal to operate as a stay of proceedings no such justification, after the appeal bond has been duly approved, is required. *[margin: Construction of 116th rule as to justification of sureties in an appeal bond.]*

That the appellant may therefore notice the appeal for hearing at any time after the same has been duly entered, whether the respondent does or does not give notice that he requires the sureties to justify, upon due notice to him. But that if a special justification is required, and the same is not had within the time specified in the rule, the appeal will not stay the respondent's proceedings upon the decree or order appealed from.

That an amendment of a bill for the purpose of stating the taking out of letters of administration is an exception to the general rule that matters arising after the filing of the bill are not the proper subjects of amendment, and may be allowed, *[margin: Amendment of bill to introduce new facts.]*

Order appealed from reversed, and *ne exeat* discharged.

*Jesse M. Smith* v. *Thomas Smith.* J. RHOADES, for appellant; D. SHEPHERD, for respondent. Appeal dismissed, with costs to be taxed; unless appellant, within twenty days, pays to respondent's solicitor $10 for costs of this appeal, and within ten days thereafter files a new appeal bond, with sufficient sureties, and a certificate of their justification, before a master in the sum of $500 each, upon notice to respondent's solicitor to attend such justification; or unless at least two of the present sureties justify in the same manner.